# IN THE COURT OF APPEALS OF TENNESSEE

## AT KNOXVILLE

FILED

June 26, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

FRANK SANJURJO, ET AL.,

    Plaintiffs-Appellees,

v.

LOWELL WOODS,

    Defendant-Appellant.

) C/A NO. 03A01-9708-CH-00330
)
) BLOUNT CHANCERY
)
) HON. CHESTER S. RAINWATER, JR.,
) CHANCELLOR
)
) AFFIRMED AND
) REMANDED

EDGAR A. WILDER, Maryville, for Plaintiffs-Appellees.

ROBERT W. WHITE, SHEPHERD & WHITE, Maryville, for Defendant-Appellant.

## O P I N I O N

Franks, J.

The determinative issue on appeal is whether restrictions in defendant's deed prevent his converting fourteen units which had comprised motel rooms, into dwelling houses on the property. The Trial Judge enjoined defendant from installing these units on the restricted property.

The restriction in defendant's deed states:

No mobile homes, trailers, shacks or other tents shall be used as either temporary or permanent residential or non-residential structures on the above described property.

In December of 1996, defendant transported to his property the fourteen units in dispute. These units were taken from a building which had been a Roadway Inn Motel. Defendant removed the bricks from around the units, affixed a towing chassis and wheels and transported the units to his property. Plaintiffs, upon observing the units being placed on the property, brought this action, and at trial defendant testified that each unit had a bedroom and a bath and units would be joined

for dimensions of 28' X 40' and 28' X 60'. He intended to place these units on a foundation, remove the wheels and the towing chassis, and construct partial exterior brick walls and roofs with varying designs.

Defendant on appeal raises the following issues:

The Trial Court erred by failing to require the plaintiff to establish the meaning of the terms "trailers" and "mobile homes" as stated in the restrictive covenant of the deed in question, in light of the fact that the terms were ambiguous.

The Trial Court erred by failing to consider a distinction between "mobile homes" and "trailers" and the defendant's structures.

Our review is *de novo* on the record of the proceedings. The record comes to us with a presumption of correctness as to the Trial Judge's evidentiary determinations, unless the evidence preponderates otherwise. Rule 13(d) T.R.A.P.

While restrictions on the free use of real property are not favored and are strictly construed, the intent of the parties as expressed in the restrictions controls and will be enforced according to the expressed intention of the parties. *Beacon Hills Homeowners Association, Inc., v. Palmer Properties, Inc.,* 911 S.W.2d 736, 739 (Tenn. App. 1995).

In finding that defendant's units are prohibited by the restriction in the deeds, the Chancellor relied heavily on *Albert v. Orwige*, 731 S.W.2d 63 (Tenn. App. 1987), as well as *Beacon Hills.*

The major thrust of defendant's argument is that his units are "modular building units" and do not fall within the restriction in the deeds, since mobile homes are defined separately in Tennessee Code Annotated §55-1-105.

Under definitions in T.C.A. §68-126-303(6):

"A modular building unit" means a structural unit, or a pre-assembled component unit, including the necessary electrical, plumbing, heating, ventilating and other service systems, manufactured offsite and transported to the point of use for installation or erection, with or without other specified components, as a finished building, and not designed for ready removal to another site.

2

Defendant contrasts this with the definition of a mobile home defined in T.C.A. §55-1-105(a):

> "Mobile home or house trailer" means any vehicle or conveyance, not self-propelled, designed for travel on the public highways, and designed for use as a residence, office, apartment, storehouse, warehouse, or any other similar purpose.

The evidence establishes that defendant's units have characteristics of a mobile home or trailer, as well as a modular building unit.

Defendant's units were placed upon a chassis and wheels by defendant, which enabled the units to travel upon the public highways, but were also pre-assembled structural units which also can be said of a mobile home.

In *Albert* the defendants had purchased a "structure" consisting of two units, each 52' long and approximately 13' wide. They were towed to the site by a tractor trailer over a public highway where concrete footers were poured on the site for the foundations. The wheels, axles and tongues were then removed, and it was argued that the structure was in fact a "modular home" rather than a "mobile home". The Court in *Albert* concluded that the somewhat differing construction in that case *vis a vis* a mobile home was "a distinction without a difference". *Id.* at 65.

This Court in *Beacon Hills* was considering a structure known as a "manufactured home". The Code also defines a manufactured home §68-126-202(4) which the Court contrasted with the definition of a mobile home or house trailer defined in T.C.A. §55-1-105. The Court concluded that the proposed structure "falls within either definition". *Id.* at 737, and held, relying on the rationale of *Albert*, that a manufactured home and a mobile home likewise are distinctions without a difference.

The defendant essentially urges us to depart from these authorities and follow the rationale of *Brasher v. Grove*, 551 S.W.2d 302 (Mo. App. 1977) where the court held that five units which were manufactured for a Holiday Inn of America and had been part of a Holiday Inn in North Little Rock, Arkansas, could be placed on

3

lands and utilized as a dwelling, where deed restrictions prevented trailers from being "constructed on these lands". The *Brasher* Court conceded its holding was in accord within the "minority view" of cases from other jurisdictions. *Albert* considered this view, but elected to follow the "majority view" from other jurisidctions.[1]

We are constrained to follow the teachings of *Albert* and *Beacon Hill*. As *Beacon Hill* notes, the fact that the structure is encapsulated in a pleasing exterior and aesthetically appealing, would not defeat the intent expressed in land restrictions. In this case the Chancellor found that defendant's units possess the characteristics of mobile homes or trailers that the parties intended to exclude from the property by the restrictions in the deeds.

We conclude the evidence does not preponderate against the findings of the Trial Court and affirm the judgment as entered below.

The cost of the appeal is assessed to the appellant.


——————

_____
Herschel P. Franks, J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
William H. Inman, Sr.J.


_____

[1]

The majority view essentially holds that a mobile home does not change its character by covering its exterior and mounting it on a permanent foundation.